IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

STEVEN LAWRENCE SILVERMAN,

    Petitioner,

v.                                 Civil Action No. 3:16cv64
                                      Criminal Action No. 3:00cr51
                                      (GROH)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 16, 2016, Steven Lawrence Silverman ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:16CV64, ECF No. 1; Criminal Action No. 3:00CR51, ECF No. 94).[1] On June 6, 2016, the Petitioner filed his § 2255 Motion on the court-approved form. The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II. FACTS

On August 29, 2001, pursuant to a written agreement, Petitioner pleaded guilty to Count One of a two-count Indictment: Bank Robbery by Force of Violence in violation of 18 U.S.C. § 2113(a). On December 10, 2001, the Presentence Investigation Report ("PSR") was filed. ECF

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.

No. 53.  Paragraph 33 of the PSR provides in pertinent part as follows: "Chapter Four Enhancements: None." Id. at 7.

On December 12, 2001, Petitioner was sentenced to 126 months incarceration to be followed by three years of supervised release.  ECF No. 56.  Petitioner did not file a direct appeal, and this is his first § 2255 motion.

In his § 2255 motion, the Petitioner alleges that pursuant to the decision in Johnson v. United States[2], he is entitled to be resentenced without the wrongfully applied enhancements.

### III. ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment.  Johnson, 135 S.Ct. at 2555-57.  The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

The Fourth Circuit recently issued a decision which addressed the term "crime of violence" as it relates to a career offender in U.S.S.G. § 4B1.2 which, since at least 2000, has contained the same language as the ACCA which was struck down as unconstitutional in Johnson. See In re Hubbard, ___ F.3d ___, 2016 WL 318417 (4th Cir. June 8, 2016). Although the Court did not find the career offender residual clause unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion.  Moreover, the United States Supreme Court

---

[2]135 S.Ct. 2551 (2015).

recently granted a writ of certiorari in Beckles v. United States, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

Therefore, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2 may be entitled to relief if the holding in Johnson is extended to career offenders. However, the instant case does not require such analysis. First, Petitioner was not sentenced as a career offender, nor as an Armed Career Criminal. Furthermore, even if the Supreme Court extends the holding in Johnson to the crime of violence provision in § 4A1.1 of the sentencing guidelines, Petitioner still would not be entitled to relief.

In the instant case, the 2000 edition of the Guidelines Manual was used. §4A1.1(f) provided as follows:

> Add **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of **3** points for this item. *Provided*, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

(Emphasis in original). Moreover, the commentary to §4A1.1(f) provides that a "crime of violence" is defined in §4B1.2(a).

Although Petitioner has an extensive criminal history dating back to May 7, 1989, when he was nineteen years of age, the PSR clearly establishes that no points were added pursuant to § 4A1.1(f). Instead, Petitioner's criminal history score was calculated solely on the basis of

adding points pursuant to §§ 4A1.1(a), (b), and (c), all based on the term of each sentence. Although the Court made an upward departure from the guideline range, it did so based on its finding that Petitioner had a total of 44 points, significantly more that the maximum of 13 allowable points for Category VI, the highest Criminal History Category. Therefore, Johnson has no application to this matter.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16CV64, ECF No. 1; Criminal Action No. 3:00CR51, ECF No. 94] be **DENIED** and **DISMISSED**, and Petitioner's pending Motions to Appoint Counsel [ECF Nos. 95 & 103] be **DENIED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 9, 2016.

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE